IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-01212-JLK

TAMMERA GORDINEER,
ELIZABETH JOHNSON, and
NICHOLE STAGGS,

      Plaintiffs,

v.

ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, a Colorado Limited
Liability Company and
DAN BEECK,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Kane, J.

      Each Party and each Counsel of Record stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the

treatment of Confidential Information and Confidential Modified Attorneys' Eyes Only

Information (as hereinafter defined), and, as grounds therefor, state as follows:

      1.    In this action, at least one of the Parties has sought and/or is seeking

Confidential Information (as defined in paragraph 2 below) or Confidential Modified

Attorneys' Eyes Only Information (as defined in paragraph 3 below).  The Parties also

anticipate seeking additional Confidential Information and Confidential Modified Attorneys' Eyes Only Information during discovery and that there will be questioning concerning Confidential Information and Confidential Modified Attorneys' Eyes Only Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests or may result in significant injury to a non-party to this matter.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Confidential Modified Attorneys' Eyes Only Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing trade secrets or confidential and/or proprietary commercially valuable business information and information that implicates common law and statutory privacy interests and/or confidentiality interests of, among others: (a) Defendant Rocky Mountain Offender Management Systems' ("RMOMS") business, clients and/or employees; and (b) any party hereto or witness herein who produces or discloses information subject to statutory or common law privileges or limitations upon disclosure.  *See e.g.*, C.R.S. § 25-1-1202 (listing statutory sections which concern the confidentiality of medical records and health

information); 45 C.F.R. § 160, 162, 164 (HIPAA medical records privacy rule); C.R.S. § 7-74-101, *et seq.* (concerning trade secrets and confidential business or financial information); C.R.S. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); C.R.S. § 13-90-107(g) (concerning professional counselor, social worker, addiction counselor and other privileges).

3.      "Confidential Modified Attorneys' Eyes Only Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing (a) medical or health-related information, or (b) information related to criminal activity that may implicate common law and statutory privacy interests and/or confidentiality interests of Defendant RMOMS' clients.  *See e.g.*, C.R.S. § 25-1-1202 (listing statutory sections which concern the confidentiality of medical records and health information); 45 C.F.R. § 160, 162, 164 (HIPAA medical records privacy rule); C.R.S. § 13-90-107(g) (concerning professional counselor, social worker, addiction counselor and other privileges).

4.      Where Confidential Information or Confidential Modified Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" or "Confidential-M-AEO" on

any document produced;

b.      By imprinting the word "Confidential" or "Confidential-M-AEO" next to or above any response to a discovery request; and

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential-M-AEO" no later than ten calendar days after receipt of the transcribed testimony.

5.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6.      All Confidential Modified Attorneys' Eyes Only Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b.    It shall not be communicated or disclosed by any Party's counsel or a

Party in any manner, either directly or indirectly, and it may only be

disclosed to the Parties' counsel and to the specific Plaintiff to whom

the document relates who shall execute an affidavit in the form of

Exhibit B.

7.    Individuals authorized to review Confidential Information and Confidential

Modified Attorneys' Eyes Only Information pursuant to this Protective Order shall hold the

Confidential Information and Confidential Modified Attorneys' Eyes Only Information in

confidence and shall not divulge the Confidential Information or Confidential Modified

Attorneys' Eyes Only Information, either verbally or in writing, to any other person, entity or

government agency unless authorized to do so by court order.

8.    The Party's counsel who discloses Confidential Information or Confidential

Modified Attorneys' Eyes Only Information shall be responsible for assuring compliance

with the terms of this Protective Order with respect to persons to whom such Confidential

Information or Confidential Modified Attorneys' Eyes Only Information is disclosed and

shall obtain and retain the original affidavits signed by qualified recipients of the

information, and shall maintain a list of all persons to whom any Confidential Information or

Confidential Modified Attorneys' Eyes Only Information is disclosed.

9.    During the pendency of this action, opposing counsel may upon court order or

agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above

upon a showing of (a) substantial need in order to establish the source of an unauthorized disclosure of Confidential Information or Confidential Modified Attorneys' Eyes Only Information, and (b) that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10.     No copies of Confidential Information or Confidential Modified Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11.     During the pendency of this litigation, counsel shall retain custody of Confidential Information and Confidential Modified Attorneys' Eyes Only Information, and copies made therefrom pursuant to paragraph 10 above.

12.     If opposing counsel objects to the designation of certain information as Confidential Information or Confidential Modified Attorneys' Eyes Only Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential

Information or Confidential Modified Attorneys' Eyes Only Information status from the time it is produced until the ruling by the Court on the motion.

13.     Use of Confidential Information or Confidential Modified Attorneys' Eyes Only Information in Court Proceedings:   In the event Confidential Information or Confidential Modified Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information or Confidential Modified Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing such information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information or Confidential Modified Attorneys' Eyes Only Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978)(applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and the Confidential Modified Attorneys' Eyes Only Information pursuant to

this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information and Confidential Modified Attorneys' Eyes Only Information provided subject to this Protective Order, and copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information and Confidential Modified Attorneys' Eyes Only Information which counsel shall have maintained pursuant to paragraph 8 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information or Confidential Modified Attorneys' Eyes Only Information has been destroyed or sealed and stored in a secure place until it is appropriate to destroy the information.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 17th day of October, 2012.

BY THE COURT:

s/John L. Kane
SENIOR U.S. DISTRICT JUDGE

STIPULATED AND AGREED TO:


Diane Vaksdal Smith
BURG SIMPSON ELDREDGE
HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
Telephone: (303) 792-5595
E-mail:dsmith@burgsimpson.com

Mary L. Will
Daniel D. Williams
Thomas W. Carroll
FAEGRE BAKER DANIELS LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203-4532
Telephone: (303) 607-3500
 E-mail:mary.will@FaegreBD.com
        daniel.williams@FaegreBD.com
        thomas.carroll@FaegreBD.com

Attorney for Plaintiffs

Attorneys for Defendants

EXHIBIT A
AFFIDAVIT

STATE OF COLORADO                              )
                                               )ss.
COUNTY OF _____   )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in the case of *Tammera Gordineer et al. v. Rocky Mountain Offender Management Systems and Dan Beeck*, a copy of which is attached to this Affidavit.

2.      I have been informed by counsel for [the Plaintiffs] [the Defendants], that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____
_____
Telephone No.: (___)_____

          SUBSCRIBED AND SWORN to before me this ___ day of _____, 2012,
by _____.
WITNESS my hand and official seal.

_____
     [S E A L]                         Notary Public
                                       My Commission Expires: _____

EXHIBIT B
<u>AFFIDAVIT</u>

STATE OF COLORADO                                )
                                                          )ss.
COUNTY OF _____       )

_____, swears or affirms and states under penalty of perjury:

      1.     I have read the Protective Order in the case of _Tammera Gordineer et al. v. Rocky Mountain Offender Management Systems and Dan Beeck_, a copy of which is attached to this Affidavit.

      2.     I have been informed by counsel for [the Plaintiffs] [the Defendants], that the materials described in the list attached to this Affidavit are Confidential Modified Attorneys' Eyes Only Information as defined in the Protective Order.

      3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Modified Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Modified Attorneys' Eyes Only Information for any purpose other than this litigation.

      4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.     I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____
Telephone No.: (____)_____

      SUBSCRIBED AND SWORN to before me this ___ day of _____, 2012,
by _____.

WITNESS my hand and official seal.

                                 _____

   [S E A L]                   Notary Public
                               My Commission Expires:_____