IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-1212-JLK

TAMMERA GORDINEER,
ELIZABETH JOHNSON and
NICHOLE STAGGS,

    Plaintiffs,

v.

ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS and
DAN BEECK,

    Defendants.

___

ORDER RE CONDITIONAL CLASS CERTIFICATION AND NOTICE

___

Kane, J.

    Plaintiffs move for an Order conditionally certifying a collective action and permitting court-supervised notice. (Doc. 26) Because I find Plaintiffs' Complaint contains substantial allegations that the putative class members were together the victims of a single decision, policy or plan, I GRANT Plaintiff's Motion as specified herein.

BACKGROUND[1]

    Plaintiffs, Tammera Gordineer, Elizabeth Johnson and Nichole Staggs, individually and on behalf of all others similarly situated ("Plaintiffs"), allege Defendants Rocky Mountain Offender Management Systems, LLC, and Dan Beeck (collectively "Defendants") violated and continue to violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., ("FLSA") by denying hourly wages and overtime pay to their employees.

___

[1] Unless otherwise indicated, all facts are drawn from Plaintiffs' Amended Complaint. (Doc. 15)

Defendant Rocky Mountain Offender Management Systems, LLC, ("RMOMS") a Colorado limited liability company, advertises itself as "a leading provider of non-residential correctional alternatives to Municipal, County, and State Governments throughout the United States."  Defendants contract with governmental agencies to provide a "comprehensive full service correctional program" for which the supervised persons, whether on pre-trial release, probation or parole, pay the cost of supervision or monitoring.  Defendants operate 20 offices in Colorado and operate additional offices in Alabama, California, Kansas, New York, New Mexico, and Utah.  Defendant Dan Beeck is RMOMS' General Manager.  Plaintiffs are all former employees of Defendants.  At the time of their separation, all Plaintiffs were Case Managers, at various levels of seniority and responsibility.

Plaintiffs allege Defendants either required or permitted employees to work off the clock, including work performed during unpaid meal breaks, without payment of overtime, in violation of 29 C.F.R. § 785.12.  Plaintiffs allege Defendants set overtime policies on a uniform basis for all offices, through the use of Memoranda or policies applicable to all employees.[2] Plaintiffs further allege that Defendants had and enforced uniform policies for persons employed as Case Managers, through the RMOMS University. As set forth in the Declarations of Elizabeth Johnson, Tammera Gordiner, and Robert Losh, managers are alleged to have known that Plaintiffs were working overtime hours that were not being reported and for which they were not being paid.  When Ms. Johnson asked about being paid, managerial staff stated to Plaintiff Johnson there was nothing they could do about it.  Declaration of Elizabeth Johnson, ¶ 7.  Mr. Robert Losh stated that supervisors, Megan Yashiro and Desiree Martinez, knew that Mr. Losh

---

[2] Exhibit 6, All Staff Memorandum; Exhibit 7, RMOMS Personnel Policy and Procedure Manual, dated April 1, 2009; Exhibit 8,  RMOMS Personnel Policy and Procedure Manual, dated June 2011; and Exhibit 9,  RMOMS Personnel Policy and Procedure Manual, dated June 2011, Revised 12/20/11.

could not get his work done during the 40 hour work week, but they did not allow him to claim and receive overtime for the hours actually worked. Mr. Losh reports he observed them changing his time card reports to eliminate overtime hours so he did not get paid. Declaration of Robert Losh, ¶11. Plaintiffs also alleged that they observed other Case Managers work beyond normal shift hours to complete their work. Declaration of Tammera Gordineer, ¶ 11; Declaration of Elizabeth Johnson, ¶ 11; Declaration of Nichole Staggs, ¶ 10; Declaration of Robert Losh, ¶ 10; and Declaration of Ashley Landis, ¶ 9.

As further set forth in the Amended Complaint, Plaintiffs allege:

> 25. Additionally, Defendants required the Plaintiffs and other similarly situated employees to work specified weekends and evenings, without the payment of wages or overtime pay and for which the Plaintiffs and those similarly situated employees were to take "comp time" or vacation time, which leave time was not made available to the employees.
>
> 26. Additionally, Defendants automatically deducted time for a meal break from the wages of Plaintiffs and all similarly situated employees, regardless of whether Plaintiffs and other similarly situated employees were released performing work-related duties during the meal break.
>
> 27. Such behavior demonstrates Defendants' custom, policy and practice of not paying all wages and overtime pay to non-exempt employees.
>
> 28. Plaintiffs' managers told Plaintiffs and similarly situated employees that they would be compensated only for 8 hours of work per day, regardless of the amount of time the Plaintiffs and other similarly situated employees actually worked.

As evident from above, the Amended Complaint and the declarations allege several times over that a number of managers over a number of years participated in Defendants' alleged policy of denying payment for wages and overtime compensation to the Plaintiffs and others who were or are similarly situated. Taken as a whole, this is sufficient to support a conditional certification for the purpose of notice and discovery.

DISCUSSION

A. **FLSA Collective Action**

29 U.S.C. § 216(b), part of the Fair Labor Standards Act, provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences [including FLSA minimum wage requirement] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b).

For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees similarly situated. Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members. *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.) (internal quotations and citations omitted), *cert. denied* 519 U.S. 987, 519 U.S. 982 (1996). The United States Court of Appeals for the Tenth Circuit has approved the use of a two step analysis to determine whether named plaintiffs and putative class members are similarly situated for purposes of § 216(b). *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 –1105 (10th Cir.2001), *cert. denied*, 536 U.S. 934 (2002). First, the trial court should make a "notice stage" determination by examining whether the plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (internal quotation and citation omitted). The standard for certification at this notice stage is a lenient one that typically results in class certification. *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 679 (D. Kan. 2004). At the second step, after discovery is complete and often

prompted by a motion to decertify, the court applies a more strict standard to determine if plaintiffs are "similarly situated," examining, *inter alia*, any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations. *Id*. at 1102–1103.

Mindful that this case is still in its infancy and thus no further along than the "notice stage," I find and conclude that the plaintiffs have satisfied the first step of this two step analysis. Plaintiffs have made substantial allegations, supported by declarations and the Defendants' own documents, showing that there are questions of law and fact common to Defendants' employees and the named Plaintiffs. Although Defendants suggest Plaintiffs were subjected to a policy that is dissimilar to that applied to other employees or that legal defenses apply as a whole or that individualized defenses apply to certain workers and, therefore, conditional certification is inappropriate, an individualized analysis of Plaintiffs' claims and Defendants' defenses is more appropriate via a Motion to Decertify at the conclusion of discovery, not at the first step of the "notice stage" conditional certification.

**B. Class Definition and Notice Specifics**

Because courts in our jurisdiction routinely allow company-wide notice at this stage of litigation, I reject Defendants arguments against company-wide notice. *See Stransky v. HealthOne of Denver, Inc.*, 11-cv- 02888-WJM-MJW, 2012 U.S. Dist. LEXIS 182875 (D. Colo. Dec. 14, 2012)(granted conditional certification for notice to employees of seven separate entities within the HealthOne organization based on a complaint and declarations by nonexempt employees who worked in a single department within a single entity that fell within the HealthOne organization; *Smith v. Pizza Hut, Inc.*, 2012 U.S. Dist. LEXIS 56987 (D. Colo. April 12, 2012)(court rejected the defendant's arguments that a nationwide class could not be

conditionally certified because plaintiffs only had opt-in plaintiffs from 6 of 42 geographic regions); *Bass v. PJCOMN Acquisition Corp.,* 09-cv-01614-REB-MEH, 2010 U.S. Dist. LEXIS 144305, (D. Colo. Sept. 15, 2010)(two declarations of employees in Colorado was sufficient to support conditional certification for more than 82 separate stores located in both Colorado and Minnesota). Accordingly, the definition of the class in this matter shall be not be limited to Colorado RMOMS employees. It shall be, however, limited to persons presently or previously employed by Defendants as "Case Managers," whether denominated as Case Managers I, II or III, within three years from the date on which this Order conditionally certifying the class is issued, in addition to the named Plaintiffs, should they not otherwise qualify.[3] Defendants must provide Plaintiffs' counsel with a list of all persons within the putative collective class as defined above within fifteen (15) days of this Order of Conditional Certification. This list shall include the putative class members' include full names and most current known addresses.

As to the content of the notice, the parties shall have 10 days from the date of this Order to meet and agree to the language to be included in the notification letter. If unsuccessful, then the parties may each submit a form of notification letter to me and I will select which notification is to be given, possibly borrowing from both. After the content of the notice is established, whether as the Court hopes it will be through the parties own negotiation or by judicial fiat,

---

[3] Courts in this district have been inconsistent in what date they use for FLSA statute of limitations purposes. Some use the date when the operative complaint was filed, and others use the date when the Order conditionally certifying the class is issued. The text of the applicable statute, 29 U.S.C. § 256, states that an FLSA action is commenced with respect to the named Plaintiffs on the date their complaint was filed, but that the action is commenced with respect to the unnamed Opt-in Plaintiffs when their Opt-in consent is filed. Accordingly, I believe the proper approach is to use the date on which the Order conditionally certifying the class is used. When cases bother to cite the statute, they tend to do the same. It is usually only when the matter is omitted from the briefings or uncontested that courts use the date of the Complaint's filing. Whichever you elect to use, let's be steady and apply the same for the *All Phase* crew

Plaintiffs shall have fifteen (15 days) thereafter to prepare and mail notices to the putative collective class.

The opt-in period shall be 75 days from the date that Defendants provide Plaintiffs with the list of employees falling within the above definition of the class of opt-in Plaintiffs.

## CONCLUSION

Based on the foregoing, I GRANT Plaintiff's Motion as specified herein. Because the nub of the questions are whether notice should be provided to putative collective class members to give them the opportunity to opt-in to this action and whether discovery should proceed on a collective basis, I need not, at this stage of the proceedings, decide whether Plaintiffs have stated a claim against Defendant Beeck. Plaintiffs have alleged Defendant Beeck sets policy for RMOMS through his role as General Manager and that is presently sufficient to keep him in the suit. After adequate discovery, Defendant Beeck's status and his propriety as Defendant may be determined on a motion for summary judgment.

DATED:   January 17, 2013                                BY THE COURT:
                                                         /s/John L. Kane
                                                         United States Senior District Judge